# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD WILLIAM V., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-18-3311 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On October 26, 2018, Richard William V. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 12, 14), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED.

### PROCEDURAL HISTORY

On February 16, 2016, Plaintiff filed a Title II application for DIB, alleging disability beginning on January 1, 2015. Plaintiff also filed a Title XVI application for SSI on February 16, 2016, alleging disability beginning on January 1, 2015. His claims were denied initially and upon reconsideration on June 28, 2016, and October 13, 2016, respectively. Subsequently, on October

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

26, 2016, Plaintiff filed a written request for a hearing and, on August 29, 2017, an Administrative Law Judge ("ALJ") presided over a video hearing. On September 25, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from January 1, 2015, through the date of this decision." ECF No. 10 at 90. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and on August 30, 2018, the Appeals Council denied Plaintiff's request for review because it "found no reason under [its] rules to review the [ALJ's] decision." ECF No. 10 at 4. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On October 26, 2018, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On June 13, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on August 9, 2019.[2] This matter is now fully briefed and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] On September 10, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, with regard the Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2019.

ECF No. 10 at 82. The ALJ performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since January 1, 2015, the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: "hypertension; degenerative disc disease; diabetes mellitus; carpal tunnel syndrome; and morbid obesity." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b), except the [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for four out of eight hours; and sit for six out of eight hours. The [Plaintiff] can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. He can frequently reach, handle, finger and feel. The [Plaintiff] requires the option to stand or walk for thirty minutes and then sit for fifteen to thirty minutes while remaining on task. He cannot have concentrated exposure to hazards.

*Id.* at 84. The ALJ then determined that Plaintiff is unable to perform any past relevant work. *Id.* at 88–89. Finally, at step five, the ALJ found "[c]onsidering the [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." *Id.* at 89. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from January 1, 2015, through the date of this decision." *Id.* at 90.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) that the RFC determination is not supported by substantial evidence because the ALJ failed to perform a function-by-function assessment of Plaintiff's ability to perform the physical and mental demands of work; and (2) that the ALJ's adverse credibility determination is not supported by substantial evidence because the

7

ALJ improperly evaluated Plaintiff's subjective complaints in violation of *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). The Court disagrees. Each alleged error is addressed below.

**A. The ALJ Properly Assessed Plaintiff's RFC.**

First, Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly applied a function-by-function assessment of Plaintiff's ability to perform the physical and mental demands of work. ECF No. 12-1 at 3–8. Defendant contends that the ALJ's RFC finding was properly supported by substantial evidence on the record, and that the record indicated Plaintiff could perform a range of light work. ECF No. 14-1 at 5–17. The Court agrees with Defendant.

In determining RFC specifically, an ALJ must take into account the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an explicit function-by-function analysis" is inappropriate, because "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

Plaintiff first challenges the ALJ's failure to list his chronic symptomatic venous insufficiency of the lower extremities as a severe impairment at step two of the analysis and the resulting failure to address this impairment in the RFC analysis, arguing this failure to classify the impairment as severe is basis for remand. ECF No. 12-1 at 6. The Court disagrees.

Step two requires "a threshold determination of whether a [plaintiff] is suffering from a severe impairment or a combination of impairments." *Lewis v. Comm'r of Soc. Sec.*, SAG-15-84, 2015 WL 5905276, at *2 (D.Md. Oct. 6, 2015) (citing *Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987)). "If a [plaintiff] is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step." *Id.* (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). When a plaintiff makes a "threshold showing that other disorders constituted severe impairments" and

"the ALJ continued with the sequential evaluation process," an ALJ's failure to find an additional impairment nonsevere is harmless. *Davis v. Comm'r, Soc. Sec. Admin.*, SAG-12-813, 2013 WL 1124589, at *1 (D.Md. Mar. 18, 2013). Because the ALJ found numerous other severe impairments at step two of her analysis, the ALJ's failure to classify Plaintiff's chronic symptomatic venous insufficiency as a severe impairment is no basis for remand.

Plaintiff next argues that the ALJ "exercised an expertise in the field of internal medicine that she does not possess" by pointing to a paragraph in her report during which the ALJ discusses Plaintiff's failure to take his Lisinopril. ECF No. 12-1 at 6. Plaintiff asserts the ALJ drew "an inference that there is a direct correlation between the Plaintiff's lower extremity edema and his failure to take his Lisinopril for two months, and his failure to follow a diabetic diet." *Id.* Plaintiff misconstrues the ALJ's discussion of his noncompliance with treatment.

The ALJ did discuss at various points during her RFC analysis Plaintiff's failure to comply with some of his treatment plans. *See* ECF No. 10 at 85–86. A careful reading of the analysis, however, reveals that the ALJ was not construing Plaintiff's noncompliance with treatment as the *cause* of his impairments, but rather she was highlighting that Plaintiff's treatment plans were effective in managing his pain when he did comply with them. *See id.* at 86 ("the [Plaintiff] reported that he experiences 'big relief' with oxycodone, and that it allows him to play with his children and be more active"); *id.* (noting that "there is suggestion within the medical evidence that these conditions are managed with medication"); *id.* at 88 ("In fact . . . the [Plaintiff's] treatment records indicate that he has primarily managed his symptoms through a regimen composed of medications and lifestyle modifications. More importantly, when compliant, the record shows that the [Plaintiff] has received some relief from these treatment modalities."). Because the ALJ was not suggesting that Plaintiff's impairments were caused by his

10

noncompliance with treatment plans, Plaintiff's arguments that the ALJ did so cannot serve as a basis for remand.

Plaintiff then alleges the ALJ failed to properly evaluate Plaintiff's combination of impairments, and, therefore, her decision is not supported by substantial evidence. ECF No. 12-1 at 8. Plaintiff's contention is unfounded.

Near the beginning of her RFC analysis, the ALJ found "the evidence of record supports *some* exertional, postural, manipulative, and environmental limitations due to physical impairments considered herein as hypertension, degenerative disc disease, diabetes mellitus, carpal tunnel syndrome, and morbid obesity." ECF No. 10 at 85–86 (emphasis in original). The ALJ's statement indicates she did evaluate Plaintiff's combination of impairments in finding that Plaintiff required physical limitations—even though the limitations were not as extensive as Plaintiff hoped. Furthermore, the ALJ explicitly addressed how Plaintiff's obesity could cause or amplify a variety of his other impairments as well as the conjunction of his back impairment and peripheral edema. *Id.* at 87. Because the ALJ sufficiently considered the combination of impairments, Plaintiff's contention is no basis for remand. Accordingly, the ALJ properly evaluated Plaintiff's RFC, and the RFC finding was supported by substantial evidence on the record.

## B. The ALJ Properly Evaluated Plaintiff's Credibility.

Next, Plaintiff asserts that the ALJ's adverse credibility determination is not supported by substantial evidence because the ALJ applied an improper legal standard to discredit Plaintiff's subjective symptoms in violation of *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). ECF No. 12-1 at 9–11. Defendant contends that the ALJ identified proper bases beyond objective evidence

to support his credibility findings, which included Plaintiff's treatment history, the nature of his symptoms, and his daily activities. ECF No. 14-1 at 17–21. The Court agrees with Defendant.

The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *1–12 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's ability to perform daily activities, activities that precipitate or aggravate the symptoms, medications and treatments used, and other methods used to alleviate the symptoms. *Id.* at *6.

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding her pain symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a

finding of disability and a claimant must substantiate her allegations of pain. 20 C.F.R. §§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [the claimant's] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam), but the ALJ cannot discount Plaintiff's subjective evidence of pain solely based on objective medical findings, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

In the present case, the ALJ appropriately recognized her obligation to properly evaluate the credibility of Plaintiff's testimony regarding his symptoms and the restrictions caused by his impairments as well as opinion evidence in accordance with 20 C.F.R. §§ 404.1529 and 404.1527. After analyzing the evidence in the record, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 10 at 85.

First, the ALJ summarized Plaintiff's testimony at the hearing, acknowledging Plaintiff's testimony about the symptoms and pain caused by his physical impairments. *Id.* The ALJ then

13

stated, however, that Plaintiff's statements regarding his symptoms "were found to affect the [Plaintiff's] ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." *Id.* The ALJ further described Plaintiff's medical history, including his complaints of back pain and resulting pain management, but that he "failed to show notable signs related to [his back] impairment on physical examination," and at "[a] consultative examination, the [Plaintiff] had a normal gait, with normal range of motion, intact sensations, and normal strength." *Id.* at 85–86.

While the ALJ impermissibly relied on some objective medical evidence, he also relied on sufficient subjective evidence to find that Plaintiff was not credible. The ALJ referenced Plaintiff's own testimony that he performs a variety of regular, daily activities, including preparing simple meals, household cleaning, going grocery shopping and to the pharmacy, playing with his children, and providing childcare while his wife is at work, and found that these activities were "at the very least, partially inconsistent with his allegations of debilitating functional limitations." *Id.* at 87.

Additionally, in accordance with 20 C.F.R. §§ 404.1529 and 416.929, the ALJ also considered Plaintiff's history of treatment and medication. *Id.* at 86–88. The ALJ observed that Plaintiff's "treatment has been essentially routine and/or conservative in nature," and "[t]he lack of more aggressive treatment suggests the [Plaintiff's] symptoms and limitations may not be as severe as he has alleged." *Id.* at 88. Furthermore, the ALJ noted "the record contains some evidence of noncompliance with treatment recommendations," and when Plaintiff complied with his treatment, "the record shows that the [Plaintiff] has received some relief from these treatment modalities." *Id.* Thus, the ALJ's detailed evaluation of the record evidence against Plaintiff's statements regarding his symptoms amply supports the ALJ's conclusion that Plaintiff's alleged limitations were not entirely credible, and the ALJ properly evaluated Plaintiff's credibility,

supporting her findings with substantial evidence consistent with 20 C.F.R. §§ 404.1529 and 416.929.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from January 1, 2015 through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 11 September 2019

A. David Copperthite
United States Magistrate Judge